IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MICHAEL MUIR, ) | |
| ) | 8:22-cv-01110 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES; et al. ) | |
| ) | |
| *Defendants*. ) | |

**ALLEGIANT AIR, LLC'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant Allegiant Air, LLC ("Allegiant"), by and through its attorneys, brings this **UNOPPOSED MOTION** for a 45-day extension of time to respond to Plaintiff's Complaint, and in support thereof states the following:

1. Plaintiff Michael Muir filed the instant Complaint on May 13, 2022. The Complaint is 250 pages long, names 16 defendants (in addition to 10 unknown Jane Does) and seeks more than $1,000,000,000 in total damages. *See* [ECF 1].

**Note Regarding Related Cases**

2. Mr. Muir asks the Court to "take judicial notice of the public documents containing Defendants' pleadings in District of Arizona Case No. 2:19-cv-05887-DGC, Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, and Seventh Circuit Court of Appeals Case No. 21-1312 as evidence of the facts therein . . ." *Id.* at ¶ 80.

3.	Though Mr. Muir has not expressly identified the cases referenced above as "related actions" under Local Rule 1.07, Allegiant joins Defendant L3HARRIS TECHNOLOGIES, INC. ("L3Harris") and notes that the actions are indeed related. *See, e.g.*, Mr. Muir's argument that his current claims are proper under a "Continuing Violations Theory." *Id.* at ¶¶ 495-505.

## Request for Extension of Time

4.	Analyzing Mr. Muir's newly filed 250-page Complaint requires thorough consideration of numerous issues and potential legal defenses.

5.	Allegiant respectfully requests a 45-day extension to file its responsive pleading to Mr. Muir's Complaint.

6.	At the time of this writing the docket reflects that of the 15 other named Defendants, only L3Harris has been served, and its Unopposed Motion for a 45-day Extension of Time to Respond to Plaintiff's Complaint and Supporting Memorandum, *see* [ECF 8], has been granted, *see* [ECF 9].[1] Thus, granting a 45-day extension to Allegiant would cause no prejudice to any party.

---

[1] Allegiant notes that it filed a Stipulation signed by Mr. Muir stipulating that Allegiant is granted a 45-day extension, until August 1, 2022, to answer or otherwise respond to Mr. Muir's Complaint. *See* [ECF 7]. L3Harris also filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint and Supporting Memorandum of Law. *See* [ECF 8]. This Court then entered an Endorsed Order Granting L3Harris's Unopposed Motion, *see* [ECF 9], and indicated that "***Defendants*** shall have up to and including August 1, 2022 to answer or otherwise respond to the Complaint." [ECF 9] (emphasis added). Because this Court did not explicitly acknowledge Allegiant and Mr. Muir's Stipulation, Allegiant files this Unopposed Motion seeking an Extension of Time out of an abundance of caution to avoid any unnecessary confusion or potential default.

## Local Rule 3.01(g) Certification

7. Allegiant hereby certifies under Local Rule 3.01(g) that the instant motion is unopposed.

8. On June 14, 2022, counsel for Allegiant spoke with Mr. Muir via telephone and asked whether he opposed Allegiant's requested extension of time to answer or otherwise respond to the Complaint. Mr. Muir state that he did not oppose the request and agreed to an extension of 45 days for Allegiant to file its responsive pleading.

WHEREFORE, for the foregoing reasons, Defendant Allegiant Air, LLC, respectfully requests that this Court grant a 45-day extension of time to file a response to Mr. Muir's Complaint, and for such further relief as the Court may deem just.

## SUPPORTING MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b)(1)(A) states in pertinent part:

> When an act ma or must be done within a specified time, the court may, for good cause, extend the tie with or without motion or notice if the court acts, or the request is made before the original time or its extension expires.

For the above reasons, Defendant Allegiant Air, LLC respectfully requests that its Motion be granted.

Dated: June 15, 2022

Respectfully submitted,

KMA ZUCKERT LLC

<u>/s/ Nicholas E. Pantelopoulos</u>
One of the Attorneys for Defendant,
ALLEGIANT AIR, LLC

Nicholas E. Pantelopoulos
Bar ID : 0103751
KMA ZUCKERT LLC
355 Alhambra Circle, Suite 1201
Coral Gables, Florida 33134
Telephone: (305) 506-2052
Facsimile: (305) 675-7606
nep@kmazuckert.com

-and-

Keith S. Yamaguchi
(*pro hac vice application to be filed*)
Marnie A. Holz
(*pro hac vice application to be filed*)
KMA ZUCKERT LLC
200 W. Madison Street, 16th Floor
Chicago, Illinois 60606
Telephone: (312) 345-3000
Facsimile: (312) 345-3119
kyamaguchi@kmazuckert.com
mholz@kmazuckert.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants. With a copy sent via U.S. Mail and email to:

Michael Muir
P.O. Box 1791
Sarasota, FL 34230
(712) 309-6121
muirone@yahoo.com

*/s/Nicholas E. Pantelopoulos*