# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MICHAEL MUIR, ) | |
| ) | 8:22-cv-01110 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES; et al. ) | |
| ) | |
| *Defendants*. ) | |

## ALLEGIANT AIR, LLC'S NOTICE OF RELATED CASES

Pursuant to Local Rule 1.07(c) and this Court's June 15, 2022 Order, *see* [ECF 9], Defendant Allegiant Air, LLC ("Allegiant"), by and through its attorneys, brings this **Notice of Related Cases** and, without waiving any rights or defenses, or conceding personal jurisdiction, states the following:

### Overview of Plaintiff's Current Claims

1. Plaintiff Michael Muir filed the instant Complaint on May 13, 2022. The complaint is 250 pages long, names 16 defendants (in addition to 10 unknown Jane Does) and seeks more than $1,000,000,000 in total damages. *See* [ECF 1]. Mr. Muir claims he suffered injuries relating to his self-described "congenital disorder and hidden physical disability that manifests symptoms as a right groin hernia…" *Id*. at ¶7.

2. Mr. Muir alleges personal injury and property damage claims, as well as statutory and constitutional violations, against Defendants based on a TSA

security screening that occurred on **June 6, 2019**, at the Phoenix-Mesa Gateway Airport ("IWA"), while Mr. Muir was experiencing an "**unpredictable, uncontrollable, and potentially life-threatening disability-caused health emergency,**" and was "uncontrollably and intermittently symptomatic at his right groin due to his hidden physical disorder and his private marital healthcare choices regarding that disorder…" *See* [ECF 1], ¶ 31.

3.   Mr. Muir makes the same allegations as above with regard to an alleged TSA security screening that occurred on **June 9, 2019**, at the General Wayne A. Downing Peoria (Illinois) International Airport ("PIA"). *Id.* at ¶ 53.

### Previously Closed Related Cases

4.   Mr. Muir asks the Court to "take judicial notice of the public documents containing Defendants' pleadings in District of Arizona Case No. 2:19-cv-05887-DGC, Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, and Seventh Circuit Court of Appeals Case No. 21-1312 as evidence of the facts therein . . ." *Id.* at ¶ 80.

5.   Notwithstanding his request that this Court take judicial notice of the pleadings in the prior actions, Mr. Muir denies that the cases referenced above are "related actions" under Local Rule 1.07 because the actions are no longer "pending." *See* [ECF 12]. However, the form attached to Local Rule 1.07(c) requires Notice if the case is related to any "pending **or closed** civil or criminal case(s) previously filed in this Court, or any other federal or state court, or

2

administrative agency . . ." (emphasis added). For the reasons set forth below, this action is related to the prior actions of which Mr. Muir requests this Court take judicial notice.

*Arizona*

6.     In District of Arizona Case No. 2:19-cv-05887-DGC, which was removed from the Superior Court of the State of Arizona in Maricopa County, Case No. CV2019-013495, Mr. Muir sued L3Harris claiming injuries sustained during a TSA security screening that occurred on **August 9, 2018**, at the Phoenix-Mesa Gateway Airport ("IWA"). Mr. Muir alleged that during that occurrence, he "experienced an unpredictable and controllable health emergency at this right groin due to his congenital disability[]" which triggered a false threat alarm during the full body scanning and necessitated a physical pat down. *See* Mr. Muir's First Amended Complaint in District of Arizona Case No. 2:19-cv-05887-DGC, [ECF 15], ¶¶ 12-22.[1] Mr. Muir eventually voluntarily dismissed his Arizona lawsuit. *See id.*, [ECF 28].

---

[1] Mr. Muir improperly filed a Second Amended Complaint in the District of Arizona without L3's consent or leave of court, which included nearly identical allegations with respect to a TSA security screening that occurred on **August 12, 2018,** at the General Wayne A. Downing Peoria (Illinois) International Airport ("PIA") and named the United States Transportation Security Administration and David Pekoske, Administrator, U.S. Transportation Security Administration, as additional defendants. *See* Mr. Muir's Second Amended Complaint, District of Arizona Case No. 2:19-cv-05887-DGC, [ECF 23]. Mr. Muir's Second Amended Complaint was stricken *sua sponte* by the court. *See* District of Arizona Case No. 2:19-cv-05887-DGC, [ECF 24].

*Illinois*

7. Mr. Muir then filed suit in Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, based on the **August 12, 2018** TSA security screening that occurred at the General Wayne A. Downing Peoria (Illinois) International Airport ("PIA"). Mr. Muir's Illinois lawsuit named several additional defendants, including the TSA and its director, and the former Secretary of the United States Department of Homeland Security (collectively, the "Government Defendants"). *See* Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, [ECF 1].

8. Mr. Muir filed a First Amended Complaint in the Illinois lawsuit which added claims against Allegiant and reasserted his prior allegations regarding the **August 9, 2018** TSA security screening at IWA. *See* Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, [ECF 12].

9. Mr. Muir did not name Leidos as a defendant in the Illinois litigation, though he did allege that L3Harris had sold its "software source code" to Leidos in 2020. *Id*. at ¶13.

10. On January 22, 2021, the Central District of Illinois issued a 40-page Order dismissing Mr. Muir's First Amended Complaint with prejudice in its entirety as to all Defendants. *See* Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, [ECF 46].

*Seventh Circuit*

11. Mr. Muir appealed the dismissal of his Illinois lawsuit to the United States Court of Appeals for the Seventh Circuit in Case No. 21-1312.

12. At the encouragement of the Seventh Circuit Court of Appeals, L3Harris, Allegiant, and the Government Defendants filed a Joint Brief for the Appellees. *See* Seventh Circuit Case No. 21-1312, [ECF 20].

13. On August 26, 2021, the Seventh Circuit Court of Appeals affirmed the District Court's dismissal of Mr. Muir's Illinois lawsuit in its entirety. *See id.*, [ECF 24].

**Mr. Muir's Current Claims are Related to His Prior Claims**

14. Though Mr. Muir denies that the cases referenced above are "related pending actions" under Local Rule 1.07, that rule is not limited to pending cases and Mr. Muir's Complaint in the current matter explains the clear connections between the claims asserted in the current and prior matters.

15. Specifically, Mr. Muir claims that "[d]ue to the barbaric and dehumanizing nature" of the alleged screening incidents in August 2018 (the subject of the prior lawsuits), he "deeply feared for his immediate physical safety" as he approached the TSA security checkpoints during the alleged screening incidents in June 2019 (the subject of the current lawsuit). *Id.* at ¶¶33, 55.

16. Aside from the timing of the occurrences, Mr. Muir's allegations of what transpired in August 2018 and June 2019 are similar in all but one important respect. Unlike the August 2018 occurrences alleged in his prior lawsuit, the June 2019 occurrences alleged in the instant lawsuit **did not result in Mr. Muir's hernia symptoms manifesting to the same extent**. Consequently, L3Harris's airport security screening software **did not** identify an anomaly near Mr. Muir's right groin, and Mr. Muir **was not** required to undergo a physical pat-down. *See* Mr. Muir's allegations in the instant Complaint, [ECF 1], ¶¶48-51, at ¶¶70-73.

17. Indeed, Mr. Muir references the unobjectionable **June 6, 2019** screening in his pleadings in the prior actions. *See, e.g.*, Mr. Muir's First Amended Complaint, District of Arizona Case No. 2:19-cv-05887-DGC, [ECF 15], ¶¶ 19, 99; *see also* Mr. Muir's Response to Defendant Allegiant's Motion to Dismiss, Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, [ECF 36], pp. 14-15.

18. For the avoidance of doubt, and without conceding the same, the connections between the lawsuits are further demonstrated by Mr. Muir's argument that his current claims are proper under a "Continuing Violations Theory." *See* Mr. Muir's Complaint, [ECF 1], at ¶¶ 495-505.

19. Accordingly, the prior cases are "related" for purposes of Local Rule 1.07(c).

Dated: July 1, 2022	Respectfully submitted,

KMA ZUCKERT LLC

*/s/ Nicholas E. Pantelopoulos*
One of the Attorneys for Defendant,
ALLEGIANT AIR, LLC

Nicholas E. Pantelopoulos
Bar ID : 0103751
KMA ZUCKERT LLC
355 Alhambra Circle, Suite 1201
Coral Gables, Florida 33134
Telephone: (305) 506-2052
Facsimile: (305) 675-7606
nep@kmazuckert.com

-and-

Keith S. Yamaguchi
(*pro hac vice application to be filed*)
Marnie A. Holz
(*pro hac vice application to be filed*)
KMA ZUCKERT LLC
200 W. Madison Street, 16th Floor
Chicago, Illinois 60606
Telephone: (312) 345-3000
Facsimile: (312) 345-3119
kyamaguchi@kmazuckert.com
mholz@kmazuckert.com

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants. With a copy sent via U.S. Mail and email to:

Michael Muir
P.O. Box 1791
Sarasota, FL 34230
(712) 309-6121
muirone@yahoo.com

*/s/Nicholas E. Pantelopoulos*