IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MICHAEL MUIR, | ) | |
| | ) | 8:22-cv-01110 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES; et al. | ) | |
| | ) | |
| *Defendants.* | ) | |

**L3HARRIS TECHNOLOGIES, INC.'S
NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 1.07(c)**

Defendant, L3HARRIS TECHNOLOGIES, INC. ("L3Harris"), pursuant to this Court's Order dated June 15, 2022, hereby provides the following Notice of Related Cases Pursuant to Local Rule 1.07(c):

For the reasons stated below, the undersigned counsel for L3Harris hereby certifies that the above-captioned case is related to certain closed civil cases previously filed in other federal or state courts, as indicated below:

- District of Arizona Case No. 2:19-cv-05887-DGC;
- Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH; and
- Seventh Circuit Court of Appeals Case No. 21-1312.

1

## Background

1. In his Notice of Related Action, Plaintiff Michael Muir denied that certain other lawsuits were "related" to the instant lawsuit on grounds that the other lawsuits were previously "terminated" and thus were no longer "pending." ECF 12.

2. In his Complaint, Mr. Muir asks the Court to "take judicial notice of the public court documents containing Defendants' pleadings in the District of Arizona Case No. 2:19-cv-05887-DGC, Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, and Seventh Circuit Court of Appeals Case No. 21-1312 as evidence of the facts therein…" ECF 1 at ¶80.

3. While the other lawsuits noticed in Mr. Muir's Complaint are no longer "pending," L3Harris disagrees with Mr. Muir's technical reading of the term "related cases," and notes that the "Notice of Related Action" form linked within the Local Rules for the Middle District of Florida requires the party signing the form to certify whether the above-captioned case is "related to pending or closed civil or criminal case(s) previously filed in this Court, or any other federal or state court, or administrative agency…"

4. The related cases noticed by Mr. Muir are closed civil cases previously filed by Mr. Muir in other state and federal courts.

5. The electronic dockets in the cases noticed by Mr. Muir reflect that he previously filed a substantially similar lawsuit in an Arizona state court, and

L3Harris removed the suit to the United States District Court for the District of Arizona. See District of Arizona Case No. 2:19-cv-05887-DGC, ECF 1.

6. Thereafter, Mr. Muir voluntarily dismissed his claims from the District of Arizona (see *id.* at ECF 25) and refiled them in the United States District Court for the Central District of Illinois. See Central District of Illinois Case No. 1:20-cv-01280-JBM-JEH, ECF 1.

7. The District Court for the Central District of Illinois dismissed Mr. Muir's claims with prejudice. *Id.* at ECF 46. Mr. Muir appealed the district court's dismissal, and the Seventh Circuit Court of Appeals affirmed. See Case No. 21-1312, ECF 24; see also *Muir v. Transportation Security Administration*, 857 F. App'x 251 (7th Cir. 2021).

8. Mr. Muir's current lawsuit is akin to a *de facto* appeal from the dismissal of his prior claims. Though the current suit names some additional Defendants and purports to state some additional claims, it is duplicative of the prior action and based on allegations of the same continuing harm. The suits are "related" in that they involve the same alleged conduct at the same two airports during the same passenger security screening process.

## Summary of Related Cases

9. Mr. Muir filed the instant Complaint on May 13, 2022. The Complaint is 250 pages long, names 16 defendants (in addition to 10 unknown Jane Does) and seeks more than $1,000,000,000 is total damages. ECF 1.

3

10. The instant Complaint identifies four occurrences at two airports involving the same alleged unconstitutional conduct. The two airports are the Phoenix-Mesa Gateway Airport ("IWA"), and the General Wayne A. Downing Peoria (Illinois) International Airport ("PIA"). Mr. Muir references the four occurrences interchangeably and seeks relief for all of them. See ECF 1, pp. 248-49, ¶L (seeking injunctive relief requiring the return of Mr. Muir's "scan code" that was allegedly taken during airport passenger security screenings on August 9, 2018, August 12, 2018, June 6, 2019, and June 9, 2019).

11. However, the August 2018 occurrences were the subjects of Mr. Muir's prior lawsuit. See *Muir v. Transportation Security Administration*, 857 F. App'x 251 (7th Cir. 2021). The opening paragraph of the Seventh Circuit's decision reads as follows, and provides a succinct summary of Mr. Muir's allegations in each of the related actions, including the matter at bar:

> "On two occasions, agents from the federal Transportation Security Administration frisked Michael Muir when he passed through airport security after body scanners flagged his bulging hernia as a potential security threat. Muir sued various governmental and private actors for allegedly violating his constitutional rights, asserting that the frisks were unlawful and caused him great pain. The district court granted the defendants' motions to dismiss, finding that subject-matter jurisdiction over certain claims was lacking, that some claims were time-barred, and that what remained of the complaint failed to state a claim. Because Muir's argument on appeal does not persuade us that he stated a valid federal claim, we affirm." *Id.* at 252.

4

12. In his instant Complaint, Mr. Muir acknowledges that the August 2018 occurrences were the subjects of his prior lawsuit. ECF 1 at ¶¶33, 55.

13. As claimed previously, Mr. Muir again claims in this suit he suffered injuries relating to his self-described "congenital disorder and hidden physical disability that manifests symptoms as a right groin hernia…" *Id*. at ¶7.

14. Mr. Muir alleges L3Harris is a United States government contractor and a manufacturer of the "millimeter-wave security portals" (or airport passenger screening equipment) used by the Transportation Security Administration ("TSA") in airports to detect security threats. See *id*. at ¶12.

15. Mr. Muir alleges that on June 6, 2019, at IWA, he experienced an "unpredictable, uncontrollable, and potentially life-threatening disability-caused health emergency," and was "uncontrollably and intermittently symptomatic at his right groin due to his hidden physical disorder and his private marital healthcare choices regarding that disorder…" ECF 1, ¶31.

16. Mr. Muir makes these same allegations with regard to an alleged occurrence on June 9, 2019, at PIA. *Id*. at ¶53.

17. Mr. Muir's primary argument against L3Harris concerns the construction of a statute, 49 U.S.C. § 44901(l), which establishes the "Limitations on use of advanced imaging technology for screening passengers." *Id*. at ¶¶96 – 103. The gist of Mr. Muir's current and prior lawsuits is that L3Harris developed airport passenger screening technology that violates 49

5

U.S.C. § 44901(l), because it is capable of detecting objects located directly beneath a person's skin. To wit, Mr. Muir argues the technology should not have identified his "symptomatic" or bulging hernia. See *id.* at ¶¶588-89.

18. Mr. Muir claims that "[d]ue to the barbaric and dehumanizing nature" of the alleged screening incidents in August 2018," he "deeply feared for his immediate physical safety" as he approached the TSA security checkpoints during the alleged screening incidents in June 2019. *Id.* at ¶¶33, 55.

19. Aside from the timing of the occurrences, Mr. Muir's allegations of what transpired in August 2018 and June 2019 are similar in all but one important respect. Unlike the August 2018 occurrences alleged in his prior lawsuit, the June 2019 occurrences alleged in the instant lawsuit did not result in Mr. Muir's hernia symptoms manifesting.

20. Consequently, during the June 2019 occurrences alleged in the instant lawsuit, L3Harris's airport security screening software **did not** identify an anomaly near Mr. Muir's right groin, and Mr. Muir **was not** required to undergo a physical pat-down. See Mr. Muir's allegations in the instant Complaint at ECF 1, ¶¶49-51, at ¶¶71-73.

21. Mr. Muir nonetheless maintains that his "level of disability-related symptom manifestation" was "at least ten percent worse" during the June 2019 occurrences than it was during the August 2018 occurrences that were the subject of his prior suit. *Id.* at ¶33.

22. In sum, Mr. Muir's prior related cases were based on two occurrences in August 2018 wherein his bulging hernia was symptomatic and was therefore identified as an anomaly during the TSA's screening process, which resulted in the TSA performing a mandatory pat-down. Mr. Muir previously sued L3Harris and others for damages arising from the pat-downs, but the Seventh Circuit affirmed the dismissal of his claims. In the above-captioned suit, Mr. Muir again alleges his rights were violated during the August 2018 occurrences, but he has now added allegations of two more occurrences at the same two airports in June 2019. The only difference between the 2018 and 2019 occurrences is that during the 2019 occurrences, Mr. Muir's bulging hernia was not symptomatic, so he was not subjected to mandatory pat-downs.

23. For all of these reasons, the undersigned counsel respectfully submits that the other cases identified at the outset qualify as "related" cases under Local Rule 1.07(c).

Respectfully submitted,

RUMBERGER, KIRK & CALDWELL, P.A.

*/s/ Michael L. Forte*
Michael L. Forte
Florida Bar No. 0592161
RUMBERGER, KIRK & CALDWELL, P.A.
100 North Tampa Street, Suite 2000
Post Office Box 3390

Tampa, Florida 33601-3390
Telephone: (813) 223-4253
Telecopier: (813) 221-4752
mforte@rumberger.com
One of the Attorneys for Defendant,
L3HARRIS TECHNOLOGIES, INC.

and

Michael G. McQuillen
Christopher J. Raistrick
Richard C. Harris
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860
mmcquillen@amm-law.com
craistrick@amm-law.com
rharris@amm-law.com
*pro hac vice application(s) pending*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

With a copy sent via U.S. Mail and email to:

Michael Muir
P.O. Box 1791
Sarasota, FL 34230

                              RUMBERGER, KIRK & CALDWELL, P.A.

                              */s/ Michael L. Forte*
                              Michael L. Forte
                              Florida Bar No. 0592161
                              RUMBERGER, KIRK & CALDWELL, P.A.
                              100 North Tampa Street, Suite 2000
                              Post Office Box 3390
                              Tampa, Florida 33601-3390
                              Telephone: (813) 223-4253
                              Telecopier: (813) 221-4752
                              mforte@rumberger.com

16910422.v1