IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Michael Muir,

    Plaintiff,

vs.                                    Case no. 8:22-cv-1110-MSS-CPT

United States, et al.,

    Defendants.

_____/

**FEDERAL DEFENDANTS' MOTION TO STAY**

Federal Defendants[1] hereby move for a stay of this case, including the obligation to prepare and file a case management report and to participate in discovery, pending the Court's disposition of the motions to dismiss before it. For Local Rule 3.01(g) purposes, the motion should be treated as opposed by the plaintiff. The defendants, L3Harris Technologies, Inc., and Allegiant Air, LLC, have consented to the requested relief through their counsel.

---

[1] "Federal Defendants" include the United States; Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security ("DHS"); Jen Easterly, Director, DHS Cybersecurity and Infrastructure Security Agency; David Pekoske, Administrator, Transportation Security Administration ("TSA"); John Doe, Supervisor, TSA, Phoenix-Mesa Gateway Airport; John Doe Supervisor, TSA, Peoria International Airport; Jennifer Granholm, Secretary, U.S. Department of Energy; and two former TSA Administrators, John. S. Pistole and Peter V. Neffenger, in their individual capacities.

1

## INTRODUCTION AND PROCEDURAL POSTURE

Plaintiff filed his 250 page complaint with this Court on May 13, 2022. Doc. 1. He asserts 707 paragraphs of factual allegations and at least 25 causes of action against the numerous federal defendants and six private individuals and entities. His claims stem from two separate TSA screening incidents he experienced when traveling through the Phoenix Mesa Airport in Phoenix, Arizona, and the Peoria International Airport in Peoria, Illinois, on June 6, 2019, and June 9, 2019, respectively. In a nutshell, he claims that although he was not subjected to a "pat down" in the screenings in issue, the technology used by TSA at its security checkpoints in these two airports nonetheless caused him a variety of harms. *Id.* at ¶ ¶ 70, 73.

This is the third case filed by this plaintiff arising from his TSA airport security clearance experiences. In two prior cases, the plaintiff alleged similar claims arising from two screening incidents at the same airports in 2018. One case (*Muir v. L3Harris Technologies, Inc.*, No. 2:19-cv-05887 (D. Az.)) was filed in Arizona and voluntarily dismissed. The plaintiff filed the second case in Illinois (*Muir v. TSA*, No. 20-cv-1280 (C.D. Ill.)) and litigated it unsuccessfully up to the Seventh Circuit Court of Appeals (Case no. 21-1312).

The Federal Defendants, L3Harris Technologies, Inc., and Allegiant Air, LLC have all moved to dismiss, and those motions remain pending. Docs. 27, 28, 38, 39. The United States Attorney was served with process on August 8. Doc. 29. Under Local Rule 3.02(b)(3), the parties must meet and confer, and file a case

management report on or before October 17, 20022.  Because the pending motions to dismiss are case dispositive, and because litigating claims that will almost certainly be dismissed would waste the parties' and the Court's scarce resources, the Federal Defendants seek a stay of the case (including the obligation to prepare a case management report and participate in discovery) until such time as the motions to dismiss are disposed of.

## MEMORANDUM OF LAW

Courts have broad discretion to manage their dockets. *Clinton v. Jones*, 520 U.S 681, 706 (1997). Such discretion includes the authority to stay parts of litigation if a movant demonstrates good cause and reasonableness. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd.* 87 Fed. Appx. 713 (11th Cir. 2003).

As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable litigation burdens, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997), *quoting Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *David v. United States*, No. 8:19-CV-2591-T-36JSS, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020).

3

Accordingly, "it is necessary for the Court to take a 'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman.* 176 F.R.D. at 652-53. Good cause to stay proceedings generally exists when resolution of a preliminary motion may dispose of the entire action. *Nankivil*, 216 F.R.D. at 692. For this reason, district courts within the Eleventh Circuit have frequently granted stays pending the resolution of a dispositive motion. *See, e.g.*, *Williams v. Bank of America Corp.* No. 3:15-civ-1449-J-39MCR, 2016 WL 11618570 (M.D. Fla. July 13, 2016); *Solar Star Sys., LLC v. Bellsouth Telecomm., Inc.*, No. 12-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Aug. 12, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *Rivero v. Taylor*, No. 09-20852- CIV, 2010 WL 3384913, at *6 (S.D. Fla.) ("A stay of discovery may be appropriate where, as here, the resolution of the motions will dispose of the entire case."), *aff'd* 2010 WL 3384907, *aff'd* 465 Fed. Appx. 839 (11th Cir. 2012); *Allmond v. City of Jacksonville*, No. 3:07-cv-1139, 2008 WL 2704426, at *2 (M.D. Fla. July 8, 2008) (staying discovery where "[a] preliminary peek at the motions to dismiss reveals Defendants have raised meritorious challenges to the legal sufficiency of the complaint in its entirety ...").

A "preliminary peek" at the motions to dismiss before the Court clearly reveals that they are case dispositive. As noted above, a single individual air traveler has sued numerous federal agencies and high-ranking agency representatives over two TSA security checkpoint experiences where he was not subjected to a "pat down" process. Doc. 1 at ¶ 50. As the Former TSA Directors argue in their motion

4

to dismiss, there can be no implied *Bivens* remedy against them for the conduct plaintiff alleges, under recent Supreme Court precedent. Doc. 39 at 10-22. Moreover, as the Federal Defendants further explain, there are threshold jurisdictional questions to be addressed, including an analysis of whether all of the plaintiff's claims are "inescapably intertwined with an evaluation" of a TSA order such as a checkpoint screening standard operating procedure, that federal statute requires to be presented to the Eleventh Circuit Court of Appeals in the first instance. Doc. 38 at 16-20.[2] Moreover, the intentional tort claims asserted by the plaintiff face jurisdictional barriers of having been excepted by the Federal Tort Claims Act's waiver of sovereign immunity under 28 U.S.C. § § 2680(a) and (h). Doc. 38 at 12-16. The Federal Defendants have raised other foundational defenses as well, including the statute of limitations, qualified immunity, and the doctrines of res judicata and collateral estoppel. Doc. 39 at 7-9; 22-24; Doc. 38 at 9-10.

      The presence of a robust qualified immunity defense is particularly consequential, insofar as the Supreme Court has repeatedly emphasized the importance of deciding issues surrounding that defense at the earliest possible juncture in a case, in order to maintain the integrity of the defense and avoid burdening the defendant with the effort of litigating a claim that may be eventually rendered moot. *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009); *Crawford-El v. Britton*,

---

[2] As the Federal Defendants have explained in their motion, the Seventh Circuit has already once found this plaintiff's challenges to TSA standard operating procedure to be subject to dismissal on this ground. *See* Doc. 38 at 2-3 (discussing prior litigation history).

5

523 U.S. 574, 597-98 (1998); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982) (until "this threshold immunity question is resolved, discovery should not be allowed"). This Court has carefully adhered to the Supreme Court's clear teaching in this important context. "A long line of cases reflect that there is a strong disinclination in this Circuit to allowing discovery before the qualified immunity assessment is made." *Barnett v. MacArthur*, Case no. 6:15-civ-469-Orl-18DAB, 2015 WL 13657546, *3 (M.D. Fla. June 22, 2015). *See also Elliott v. Wilcox*, Case no. 3:13-civ-580-J-39JRK, 2015 WL 13389881 (M.D. Fla. Feb. 5, 2015)(motion to stay granted); *Berry v. Canady*, Case no. 2:09-civ-765-FtM-29SPC, 2011 WL 806230 (M.D. Fla. March 2, 2011)(same); *Allmond*, 2008 WL 2704426, at *2; *Hargrove v. Henderson*, Case no. 95-1601-civ-T-17A, 1996 WL 467516, *1-2 (M.D. Fla. Aug. 13, 1996)(same).

The Court should not require the parties to bear the effort and expense of engaging in contested litigation before these foundational, case dispositive defenses have been resolved. The burden seems particularly needless in this case, in light of the plaintiff's prior extensive litigation of challenges to TSA standard operating procedure before the Central District of Illinois and Seventh Circuit. The Court should stay the case pending a ruling on the motions to dismiss instead.

## Conclusion

For the foregoing reasons, the Federal Defendants respectfully request that the Court stay the case, including case management and discovery obligations, until such time as the pending motions to dismiss are ruled upon.

Respectfully submitted,

ROGER HANDBERG
United States Attorney

/s/Lacy R. Harwell, Jr.
Lacy R. Harwell, Jr.
Assistant United States Attorney
Fla. Bar No. 714623
400 N. Tampa St., Suite 3200
Tampa, FL  33602
Tele. (813) 274-6000
Randy.Harwell@usdoj.gov

Counsel for Federal Defendants

Certificate of Service

I hereby certify that on October 12, 2022, I caused a true copy of the foregoing to be filed with the Court using the Court's CM/ECF filing system, which will send an electronic notice of filing.

I further certify that on October 12, 2022, I caused a true copy of the foregoing to be served by United States mail, first class postage prepaid, upon:

Michael Muir
P.O. Box 1791
Sarasota, FL  34230

/s/Lacy R. Harwell, Jr.
Lacy R. Harwell, Jr.
Assistant United States Attorney

7