UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL MUIR,**

    Plaintiff,

v.   Case No: 8:22-cv-1110-MSS-CPT

**UNITED STATES OF AMERICA, ALEJANDRO MAYORKAS, JEN EASTERLY, DAVID PEKOSKE, JOHN DOE, JOHN DOE, PHOENIX-MESA GATEWAY AIRPORT AUTHORITY, METROPOLITAN AIRPORT AUTHORITY OF PEORIA, L3HARRIS TECHNOLOGIES, INC., ALLEGIANT AIR, LLC, LEIDOS, INC., BATTELLE MEMORIAL INSTITUTE, JENNIFER GRANHOLM, UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION, UNITED STATES DEPARTMENT OF ENERGY, JOHN S. PISTOLE, PETER V. NEFFENGER and UNKNOWN JANE DOE(S) 1-X,**

    Defendants.

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Defendants' respective motions to dismiss. (Dkts. 27, 28, 38, 39). The Court has considered Plaintiff's responses, (Dkts. 31, 32, 44, 45), to the motions. Upon consideration of all

1

relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** the Federal Defendants' motion, (Dkt. 38), and the remaining motions to dismiss are **DENIED as MOOT** for the reasons that follow.

## I.   BACKGROUND

### A.   Factual Background

Plaintiff's claims arise out of his experiences at two airports: Phoenix-Mesa Gateway Airport ("IWA") in Maricopa County, Arizona; and General Wayne A. Downing Peoria International Airport ("PIA") in Peoria County, Illinois. (Dkt. 1 at ¶ 30).[1]

As alleged, on June 6, 2019, Plaintiff presented himself for mandatory passenger screening at IWA. (Id. at ¶ 34). A Transportation Security Administration ("TSA") agent scanned Plaintiff's Allegiant Air boarding pass and verified his identity using Plaintiff's REAL ID. (Id.) As Plaintiff proceeded through IWA's passenger screening, Plaintiff placed his personal items on the belt of the x-ray machine. (Id. at ¶ 36). A TSA Supervisor then directed Plaintiff stand in the "hands-up" position to be scanned by a millimeter wave security portal. (Id. at ¶ 39). Plaintiff was cleared and entered the sterile area of IWA, after he was scanned, and TSA personnel did not conduct a pat-down. (Id. at ¶ 48). Plaintiff experienced psychological damage because of the screening at IWA. (Id. at ¶ 51).

---

[1] The Court recites the pertinent facts as pled in the Complaint. (Dkt. 1). The facts pled therein are taken as true in resolving the motions to dismiss.

2

On June 9, 2019, Plaintiff presented himself for mandatory passenger screening at PIA. (Id. at ¶ 56). TSA personnel scanned Plaintiff's Allegiant Air boarding pass and verified his identity using Plaintiff's REAL ID. (Id.) As Plaintiff proceeded through PIA's passenger screening, Plaintiff placed his personal items on the belt of the x-ray machine. (Id. at ¶ 58). A TSA Supervisor then directed Plaintiff stand in the "hands-up" position to be scanned by a millimeter wave security portal. (Id. at ¶ 61). Plaintiff was cleared to entire the sterile area of IWA, after he was scanned, and TSA did not conduct a pat-down. (Id. at ¶ 70). Plaintiff experienced post-traumatic stress with intense anxiety, paranoia, painful and disturbing involuntary physical movements, and physical manifestations based on the screening at PIA. (Id. at ¶ 73).

  **B.**  **Procedural Background**

On June 5, 2021, Plaintiff filed claims, Claim Nos. 2021071271840 and 2021071271858, with TSA based on his experiences at IWA and PIA. (Dkt. 1 at ¶ 75). TSA denied Plaintiff's claims on December 2, 2021. (Id.) This lawsuit followed on May 13, 2022. (Dkt. 1).

**II.**  **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for

3

evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III. DISCUSSION

As an initial matter, the Court must address whether this Court has subject matter jurisdiction to hear Plaintiff's claims.[2] The United States makes two points with respect to this Court's jurisdiction. First, the United States argues this Court lacks subject matter jurisdiction to hear Plaintiff's challenge to TSAs' Standard Operating Procedures ("SOP"). (Dkt. at 16). Second, the United States argues even if Plaintiff's has alleged a broad constitutional challenge to 49 U.S.C. § 46110, Plaintiff has no legal

---

[2] The Court finds that Plaintiff's Complaint is a shotgun pleading because Plaintiff identifies 25 claims for relief and fails to specifically list others as claims for relief, rendering the Complaint almost incomprehensible. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). In any event, the Court declines to dismiss this complaint as a shotgun pleading because pro se litigants are entitled to leniency.

4

support for the contention that § 46110 violates the Constitution. (Id. at 20). In response, Plaintiff argues that he is not challenging TSA's SOP; rather, he contends he is challenging documents created and orders issued pursuant to the Safety Act, 6 U.S.C. § 441 *et seq*. (Dkt. 44 at 16).

Exclusive jurisdiction to review final "orders" issued by agencies, like the FAA and TSA, is reserved for the federal appellate courts. Green v. Brantley, 981 F.2d 514, 519 (11th Cir. 1993) (interpreting the predecessor statute to § 46110).[3] Appellate courts that have interpreted § 46110 have reached the same conclusion as the one reached in Green. See Blitz v. Napolitano, 700 F.3d 733, 735 (4th Cir. 2012) (affirming a district court's dismissal of a complaint for lack of subject matter jurisdiction under § 46110 while citing Corbett); Gilmore v. Gonzales, 435 F.3d 1125, 1133 (9th Cir. 2006) (same).

Plaintiff challenges TSA's use of a scanning device, which is alleged to have created permanent digital records of his person that reveal his hidden disability, in facilitation of airport security. Plaintiff's repeatedly references the Security Act even though his constitutional challenges are directed at TSA's security screening procedures. Thus, the Court agrees with the reasoning in Corbett, Blitz, and Gilmore, and finds that Plaintiff's constitutional claims, Claims 16, 17, and 23-25, are inextricably intertwined with an order from TSA, i.e., the SOP, which divests this Court of subject matter jurisdiction. Therefore, Claims 16, 17, and 23-25 are

---

[3] Corbett v. United States, 458 F. App'x 866, 869 (11th Cir. 2012).

**DISMISSED** for want of subject matter jurisdiction. See Corbett, 458 F. App'x at 871, Blitz, 700 F.3d at 742-43; Gilmore, 435 F.3d at 1133.

The Court will turn to the arguments raised in the respective motions to dismiss.

### A.  Federal Defendants' Motion to Dismiss

The Federal Defendants move to dismiss Plaintiff's Complaint, contending that: (1) it is a shotgun pleading that violates Rule 8; (2) it is barred by res judicata and collateral estoppel; (3) it improperly seeks monetary compensation for constitutional violations; (4) it fails to state a claim for which relief can be granted; and (5) it fails to allege Plaintiff's standing to seek injunctive relief. (Dkt. 38 at 8-25). Plaintiff raises three points in response: (1) Defendants' defenses – discretionary function and FTCA waiver – are inapplicable to the challenged conduct; (2) Plaintiff has plausibly stated his claims for relief; and (3) Plaintiff has standing under Article III based on his travel on December 1, 2022. (Dkt. 44).

#### 1.  FTCA Claims in General

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2675(a) *et seq.*, ("FTCA") allows citizens to bring state law tort causes of action against the United States. FDIC v. Meyer, 510 U.S. 471, 477-78 (1994). Under the FTCA, a claim accrues "when the plaintiff knows of both the injury and the cause." United States v. Kubrick, 444 U.S. 111, 111 (1979). Where "a federal employee acts within the scope of his or her employment, an individual can recover only against the United States, unless one of the two exceptions provided in § 2679(b)(2) is present." Matsushita Elec. Co. v.

6

Zeigler, 158 F.3d 1167, 1169 (11th Cir. 1998). "For claims concerning federal employee conduct that was outside the scope of employment, or seeking a remedy other than money damages, federal courts would continue to lack jurisdiction." Smith v. United States, 14 F.4th 1228, 1232 (11th Cir. 2021).

Here, Plaintiff directs all of his torts claims against the United States and or other Defendants. Claims 1-9 and 18-22 are based on a TSA employee's conduct "while acting within the scope of his employment." (Dkt. 1 at ¶¶ 283, 296, 303, 313, 323, 333, 344, 353, 361, 528, 552, 564, 606, 610). Claims 10-15 are "based on [a Defendant's] conduct in aiding and abetting, and providing substantial assistance to" a TSA employee acting within the scope of his or her employment. (Id. at ¶¶ 389, 401, 418, 441, 459, 469). The Court finds that all of Plaintiff's tort claims concern actions taken by a federal employee, i.e., the TSA employee at PIA or IWA. Therefore, Claims 1-15 and 18-22 can be brought only against the United States. See Smith v. United States, 14 F.4th 1228, 1232 (11th Cir. 2021). Claims 1-15 and 18-22 are **DISMISSED** as directed against all Defendants other than the United States.[4]

### 2.     FTCA Claims against the United States

Plaintiff asserts various tort claims against the United States that include conversion, trespass to chattels, IIED, NIED, intrusion upon seclusion, public disclosure of private facts, and negligence. (Dkt. 1). The Court finds these claims fail as a matter of law for many reasons.

---

[4] The Court's dismissal of Claims 1-15 and 18-22 against all Defendants other than the United States renders the motions by L3Harris, Allegiant, and Former Administrators moot.

First, Plaintiff is barred by collateral estoppel from relitigating an issue central to this case – whether or not a duty exists to warn Plaintiff about any aspect of airport screening protocol or procedures. "Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely switching adversaries." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979). Collateral estoppel requires "(1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue have been actually litigated . . . and (3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action." Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1501 (11th Cir. 1984). The court in Muir v. TSA et al., No. 1:20-cv-01280, ECF No. 46 (C.D. Ill. Jan. 22, 2021), addressed the very issue presented before this Court. Therefore, this Court finds each element of collateral estoppel is satisfied.

Second, Plaintiff has failed to allege that he suffered an injury sufficient to establish Article III standing because of the mandatory airport security screening. Plaintiff specifically alleges he did not undergo a pat-down at either airport. (Dkt. 1 at ¶¶ 48, 70). Plaintiff purports to allege that he was injured by the ongoing fear of harm he experienced traversing the airports. This fear of hypothetical future harm however stems from an interaction between Plaintiff and TSA officials, which occurred years prior and involved mandatory airport screening and a pat down. No such pat down occurred under the facts presented here. Accordingly, Plaintiff lacks Article III standing to pursue his claims. See Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 926 (11th Cir. 2020).

Third, Plaintiff's conversion and trespass claims fail as a matter of law because he cannot establish that he had an absolute and unconditional right to immediate possession of the protected health information Plaintiff claims was recreated once he was scanned. See Cirrincione v. Johnson, 703 N.E. 2d 67, 70 (Ill. 1998); Autoville, Inc. v. Friedman, 510 P.2d 400, 402 (1973). Fourth, Plaintiff's privacy claims fail because mandatory airport screening is not highly offensive to a reasonable person. See generally, United States v. Herzbrun, 723 F.2d 773, 775 (11th Cir. 1984).

Finally, the Court finds that Plaintiff's NIED, IIED, and negligence claims fail for the reasons articulated by Judge McDade in Muir v. TSA et al., No. 1:20-cv-01280, ECF No. 46 (C.D. Ill. Jan. 22, 2021). Plaintiff has failed to identify a legal, statutory, or other authority that imposes a duty on the United States regarding airport screening protocols or the machines used during that screening. This Court has not found one either. Therefore, Plaintiff's negligence claims fails as matter of law.[5]

Accordingly, Claims 1-15 and 18-22 are **DISMISSED** for failure to state a claim as levied against the United States.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. The Federal Defendants' Motion to Dismiss, (Dkt. 38), is **GRANTED**.

2. L3Harris' Motion to Dismiss, (Dkt. 27), is **DENIED as MOOT**.

---

[5] The Court finds that granting Plaintiff leave to amend his complaint would be futile because no additional allegations can salvage the standing defects outlined above. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004); Foman v. Davis, 371 U.S. 178, 182 (1962).

3. Allegiant's Motion to Dismiss, (Dkt. 28), is **DENIED as MOOT**.

4. The Former Administrators' Motion to Dismiss, (Dkt. 39), is **DENIED as MOOT**.

5. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED**.

6. The Clerk is **DIRECTED** to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of March 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person